**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0870n.06
Filed: December 20, 2007

**No. 05-6006**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES A. STONE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |

Before: DAUGHTREY and COLE, Circuit Judges; and COLLIER,* District Judge.

**PER CURIAM.** James A. Stone appeals *pro se* from the denial of his motion, filed pursuant to 28 U.S.C. § 2255, to vacate the sentence imposed upon him as the result of his convictions on federal drug charges. Stone insists that his trial counsel was constitutionally ineffective (1) in failing to object to the prosecutor's closing argument that commented on Stone's decision to invoke his right to silence and (2) in failing to object to the quantity of crack cocaine attributed to him for sentencing purposes. Although we conclude that Stone has shown deficiencies in the performance of his trial counsel, he has not shown that he was prejudiced by those deficiencies. For this reason, we affirm the district court's order denying relief on the petitioner's § 2255 motion.

---

*The Hon. Curtis L. Collier, Chief District Judge for the Eastern District of Tennessee, sitting by designation.

## FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of October 11, 1999, Lexington, Kentucky, police stopped a Chevrolet van that the officers had observed speeding and being driven somewhat erratically. *See United States v. Carter*, Nos. 00-5855, 00-5879, 00-5888, 2002 WL 1890132, at \*\*1-2 (6th Cir. Aug. 15, 2002) (a prior decision of this court on the direct appeal of co-defendants Elton Carter, James Stone, and Antonio Smith). Although the driver of the van, James Stone, was originally arrested only for reckless driving, a subsequent search of the van, of Stone, and of Stone's two female passengers, Lia Hicks and Yolanda Parker, produced a room key to Room 264 of a local motel and a makeup compact case containing both cocaine residue and marijuana stems. *See id.* at \*2. Upon arriving at that motel, the officers then obtained consent to enter Room 264 and there found three other individuals – co-defendants Carter, Smith, and Raymond Williams – who shared the room with Stone, Hicks, and Parker. In searching the room, the police officers uncovered various evidence of drug use, $2,310 in cash, and 60 grams of crack cocaine. *See id.* at \*\*2-3. Because trial testimony indicated that Stone actually paid for the room and financed the criminal activities of the group, the jury ultimately convicted Stone on three drug counts, convictions that then led the district judge to sentence Stone to life in prison. *See id.* at \*4.

We affirmed the convictions, not only of Stone but also of Carter and Smith. *See id.* In doing so, we noted that the government had violated the defendants' Fifth

Amendment rights by the prosecutor's "constant references to the defendants' decisions to remain silent." *Id.* at *8. But we also held that Stone and his co-defendants had waived any challenge to that error by declining the district judge's *sua sponte* offer to declare a mistrial because of the misconduct. *Id.*

Furthermore, we "concluded that an *Apprendi [v. New Jersey*, 530 U.S. 466 (2000),] violation occurred" when the district court determined, by a preponderance of the evidence, that 60 grams of crack cocaine were attributable to Stone, thus increasing his possible punishment to life in prison. *Carter*, 2002 WL 1890132, at *12. Because Stone's counsel failed to lodge a timely *Apprendi* objection, however, and because "the drug amount used was in fact clearly shown," *id.*, we ruled that any error in this regard did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 633 (2002)).

Stone then filed his § 2255 motion with the district court, alleging ineffective assistance of counsel in that:

> (1) at trial, his counsel failed to timely object to the prosecutor's closing argument concerning the unrebutted evidence against Stone, resulting in waiver of that issue for appellate review, (2) at sentencing, his counsel failed to object to the amount of cocaine used for sentencing purposes, resulting in the imposition of a life sentence, and (3) on appeal, his counsel failed to argue that the evidence at trial was insufficient to support his conviction.

The magistrate judge recommended that each ground for relief be denied and the district judge adopted that recommendation in its entirety. Subsequently, we issued a certificate of appealability on the first and second claims raised in the § 2255 motion.

## **DISCUSSION**

When presented on appeal with a challenge to the denial of a § 2255 motion, we "review the district court's factual findings for clear error and its legal conclusions de novo." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Moreover, "[t]o warrant relief under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

Stone contends that he was deprived of a fair trial and a valid sentence because he received the ineffective assistance of counsel. In addressing such a claim, we are guided by the now-familiar two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). As required by that analytical framework:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's

- 4 -

errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

In evaluating the prejudice suffered by a petitioner as a result of alleged ineffective assistance of counsel, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* (citation omitted). Rather, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## A. Failure of Trial Counsel to Object to Comments on Right to Silence

As we previously noted in addressing the issues raised in Stone's direct appeal:

A defendant's Fifth Amendment rights [against self-incrimination] are violated when a prosecutor is permitted to use against him his choice to remain silent at trial. *Griffin v. California*, 380 U.S. 609, 613, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Post-arrest silence also may not be used against a defendant at trial in order to imply guilt from that silence. *Doyle v. Ohio*, 426 U.S. 610, 611, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Pre-arrest silence also may not be used as substantive evidence of guilt, and will be admitted at trial only for impeachment purposes. *See Combs v. Coyle*, 205 F.3d 269, 281-83 (6th Cir. 2000); *see also Brecht v. Abrahamson*, 507 U.S. 619, 628, 113 S.Ct.

> 1710, 123 L.Ed.2d 353 (1993). As such, the use of an accused's pre-arrest silence is "not a legitimate governmental practice." *Combs*, 205 F.3d at 285.

*Carter*, 2002 WL 1890132, at \*6.

During the closing arguments in Stone's trial, however, the prosecutor continually ignored this fundamental precept of criminal law and made reference to the defendants' failure to adduce proof contravening the government's assertions. In his initial closing argument, for example, the prosecutor stated, "[T]he *unrefuted* evidence of this case is that over 60 grams of crack cocaine is found in a hotel room in which these four defendants were staying; *unrefuted*, *uncontroverted*, *undenied* . . . ." (Emphasis added.) He then continued by arguing, "I asked Detective Dawson, when you found the drugs, when you found them, what was the reaction of each of them? Was there any reaction? *None*. Common sense. Common sense." (Emphasis added.) Finally, in ending his rebuttal argument, the government's attorney continued:

> The search of that room clearly produced 60 grams of crack cocaine. Three individuals there; Mr. Stone, who's driving the van where crack is found; where Mr. Carter is using a fake I.D.; cell phone; scales; pager; all indicative of trafficking in drugs. *That's unrefuted*. There's no speculation there. The evidence, the common sense dictates that these individuals were here trafficking in cocaine, and that's what they were – and that's what happened and had been doing, and they were caught. And that's why they hung their head, *and that's why there was no surprise*, and that's the simple truth of the matter. (Emphasis added.)

Surprisingly, defense counsel did not lodge objections to the majority of these improper statements, and Stone now insists that those failures amounted to ineffective

assistance of counsel that should result in setting aside his convictions. Such inattention on the part of defense counsel to his client's constitutional rights is clearly a practice that falls below the standard of competence that is demanded of criminal defense attorneys. Fortunately, however, the district judge himself recognized the serious constitutional problems presented by the prosecution's unrestrained advocacy and, *sua sponte*, offered the defendants a mistrial. For strategic reasons, defense counsel chose not to avail themselves of that option and instead agreed that the district court could offer a curative instruction to the jury on the matter following the conclusion of the arguments. In that vein, the court charged:

> The defendants have an absolute right not to testify or present evidence. The fact that they did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.
>
> Remember that it is up to the government to prove the defendants guilty beyond a reasonable doubt. It is not up to the defendants to prove that they are innocent.
>
> *You must disregard the government's argument in closing that its evidence was unrebutted*. (Emphasis added.)

Given the overwhelming proof of Stone's complicity in the drug possession plans, and the district court's emphasis on the importance of disregarding any insinuation by the government that the defendants were required to, or even should have, rebutted the proffered testimony, we conclude that no prejudice resulted from this error. Because a different result at trial was not reasonably probable, we hold that Stone's ineffective-

assistance-of-counsel claim based on the failure to object to improper closing arguments is without merit.

## B. Failure of Trial Counsel to Challenge Drug Quantity

As additional evidence that he received ineffective assistance of counsel, Stone asserts that his trial attorney improperly allowed him to be sentenced to life in prison by failing to object to the district court's finding, made without the intervention of a jury, that Stone's sentence should be based upon possession of 60 grams of crack cocaine. As we determined on Stone's direct appeal:

> Because of the district court's determination that sixty grams of cocaine base were involved, Stone was sentenced to life imprisonment under [21 U.S.C.] § 841(b)(1)(A), beyond the statutory maximum of thirty years in § 841(b)(1)(C). *Apprendi* requires that any fact that enhances the sentence in this manner must be found by the jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 483. Because Instruction No. 20 clearly informed the jury that they need not find the amount alleged in the indictment, "but that only a measurable amount of cocaine base (crack cocaine) was involved," the jury made no finding regarding drug quantity sufficient for the district court to sentence Stone beyond the thirty year maximum allowable for possessing "a measurable amount of cocaine base" under § 841(b)(1)(C). Accordingly, Stone's sentence of life imprisonment violates *Apprendi*.

*Carter*, 2002 WL 1890132, at *12.

Clearly, the failure of defense counsel to object to an obvious *Apprendi* error that results in a life sentence instead of a maximum sentence of 30 years, as otherwise provided by statute, constitutes the type of deficient performance that satisfies the first

prong of the *Strickland* standard. Nevertheless, Stone cannot establish the necessary prejudice from that error to justify a grant of § 2255 relief. Under the unique facts of this case, even if trial counsel had lodged an *Apprendi* objection and a jury, rather than the district judge, had determined the drug quantity, the result would have been the same. The *only* evidence in the trial testimony supporting convictions on the crack cocaine charges was that 60 grams of crack were recovered from Room 264 of the motel. Thus, Stone was necessarily chargeable with possession of those 60 grams or of no amount at all. Because Stone cannot establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," we conclude that this § 2255 challenge is also without merit.

## CONCLUSION

For the reasons set out above, we AFFIRM the judgment of the district court denying relief on the petitioner's § 2255 motion.